IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MEGAN WINSTON, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:10-CV-1005 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| THE COUNTY OF FRANKLIN, et al., | : | Magistrate Judge King |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is currently before the Court on Defendants' The County of Franklin, Ohio ("Franklin County") and The Franklin County Board of Commissioners (the "Board") (collectively, the "Defendants") Motion to Dismiss (Doc. 7), the Plaintiffs' response to Defendants' Motion to Dismiss (Doc. 10), and the Defendants' Reply (Doc. 11). Plaintiffs filed a Complaint accusing the Defendants, Franklin County, the Board, Herb Henderson, Ricqus Marshall, Brodotta Montgomery, and "John Does No. 1 through 10," juvenile detention officers at Franklin County Juvenile Detention Center, of violating Plaintiff Derrek Winston's civil rights pursuant to 42 U.S.C. §§ 1983, 1988 in contravention of the Fourteenth Amendment to the United States Constitution. The Defendants Franklin County and the Board move to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted. For the reasons set below, Defendants' Motion to Dismiss is **GRANTED**.

## II. BACKGROUND

Megan Winston is the biological mother and legal guardian of Derrek Winston. Plaintiffs allege that on or about November 10, 2008, Derrek Winston ("Winston"), who was a detainee in the Franklin County Juvenile Detention Center, was performing regular housekeeping duties and was assaulted by a fellow detainee, Ricqus Marshall ("Marshall"). As a result of the alleged attack, Plaintiffs also allege that Winston suffered injury to his brain, head and neck, medical expenses, lost wages, significant behavioral changes, cognitive dysfunctions, memory loss, and seizures. Additionally, Megan Winston asserts a loss of consortium claim.

On November 9, 2010, Plaintiffs filed a complaint in which they identified the following Defendants: (1) The County of Franklin, Ohio; (2) the Franklin County, Ohio Board of Commissioners; (3) Herb Henderson, Superintendent for Franklin County Juvenile Detention Center (in his individual and official capacity); (4) Marshall, a minor child in the custody of Franklin County and detainee at the Franklin County Juvenile Detention Center; (5) Brodotta Montgomery, the parent and legal guardian of Marshall; (6) "John Does No.1 through 10," Juvenile Detention Officers of the Franklin County Juvenile Detention Center (in their individual and official capacity). In their Complaint, Plaintiffs allege that these Defendants were deliberately indifferent and negligent because they disregarded a known and excessive risk to Winston's health and safety in violation of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment. Plaintiffs claim that the failure to properly segregate Marshall and protect Winston from Marshall was the result of a failure to enforce applicable policies and customs.

On January 26, 2011, two Defendants, Franklin County and the Board, filed a Motion to Dismiss (Doc. 7) pursuant to Fed. R. Civ. P. 12(b)(6) claiming that Plaintiffs' Complaint failed

to state a claim upon which relief could be granted. Plaintiffs filed a Response to the Motion to Dismiss on February 16, 2011. (Doc. 10). The Defendants filed a Reply on February 23, 2011. (Doc. 11). This matter is currently before the Court.

## II. STANDARD OF REVIEW

A case may be dismissed if the complaint does not state a claim on which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). All well-pleaded factual allegations in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F. 2d 134, 155 (6th Cir. 1983).

A motion to dismiss under Rule 12(b)(6) is directed solely to the complaint itself. *Roth Steel Products*, 705 F. 2d at 155. Consequently, the Court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *Scheuer*, 416 U.S. at 236. A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *Roth Steel Products*, 705 F. 2d at 155. The Court will grant a defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the complaint is without merit because of an absence of: (1) law to support a claim of the type made; (2) facts sufficient to make a valid claim; or (3) if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *See generally, Rauch v. Day & Night Mfg. Corp.*, 576 F. 2d 697, 702 (6th Cir. 1978). It is with these standards in mind that the Court will consider the motion to dismiss.

## IV. LAW AND ANALYSIS

In their Complaint, Plaintiffs allege that Franklin County and the Board were objectively and subjectively aware, but ignored, that Marshall posed a serious risk to the health and safety of Winston and other juvenile detainees at the Franklin County Juvenile Detention Center. The Plaintiffs assert this oversight constituted deliberate indifference in violation of Winston's civil rights pursuant to 42 U.S.C. §§ 1983, 1988. Plaintiffs also assert that Defendant Franklin County failed to properly train, supervise, develop and implement policies and procedures that would have protected Winston from the violence of other detainees. The Plaintiffs allege that because of this failure, Franklin County sanctioned the custom, practice and/or policy in the non-enforcement of detainee restrictions, which directly contributed to Winston's injuries. In their Response, Defendants argue that the Board does not have the statutory authority to control and promulgate policies of a juvenile detention center and cannot be held vicariously liable under the doctrine of *respondeat superior*. Defendants also assert that Plaintiffs cannot maintain an action against Franklin County because it is not *sui juris*, and, therefore, lacks the capacity to sue or be sued.

Plaintiffs' attempt to impose liability on the Board for deliberate indifference to the risk of injury while Winston was confined at the Franklin County Juvenile Detention Center fails to state a claim upon which relief can be granted. Local governing bodies can be sued under Section 1983 when the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Local governments may also be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision-

making channels. *Id.* at 691; *See also Coffey v. Miami County Jail,* No. 3:05-CV-383, 2007 WL 316262 (S.D.Ohio Jan. 29, 2007). Additionally, municipal liability under § 1983 may attach for policies promulgated by the official vested with final policymaking authority for the municipality. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). Whether a given individual is such a "policymaker" for purposes of § 1983 liability is a question of state law. *Id.*

In the absence of a specific statutory grant of authority, a board of commissioners in Ohio is powerless to enact legislation. *Geauga Cty. Bd. of Commrs. v. Munn Road Sand & Gravel*, 67 Ohio St. 3d 579, 583 (Ohio 1993). Thus, in previous cases, the Supreme Court of Ohio has been reluctant to find county commissioners liable in tort absent the presence of a clear and narrow duty in the Revised Code. *See Heckert v. Patrick,* 15 Ohio St. 3d 402 (Ohio 1984); *Ditmyer v. Bd. of Cty. Commrs.,* 64 Ohio St.2d 146 (Ohio 1980); *Weiher v. Phillips*, 103 Ohio St. 249 (Ohio 1921). This rule has application to all boards of county commissioners across the state, including the Franklin County Board of Commissioners. *See Brown v. Voorhies*, No. 2:07-cv-0013, 2008 U.S. Dist. LEXIS 45778 (S.D. Ohio June 10, 2008) (Finding that plaintiff failed to state a claim which could impose liability on the Franklin County Commissioners for injuries suffered in county jail because under Ohio law, the sheriff is in charge of the county jail, and the county commissioners have no duty to control the sheriff in keeping a jail safe, and no control over the operation of a county jail); *Koch v. County of Franklin, Ohio*, No. 2:08-cv-1127, 2010 WL 2386352 (S.D. Ohio June 10, 2010).

Following this strict interpretation of statutory authority, the Board in this case was under no duty to provide a safe detention space in the Franklin County Juvenile Detention Center because the Board lacks the statutory authority to create policies related to the safety and protection of detainees. Rather, it is the juvenile judge who submits an annual written request for

5

an appropriation to the board of county commissioners that includes reasonably necessary expenses for the maintenance and operation of the detention facility, and the care, maintenance, education, and support of detainees. O.R.C. §§ 2151.10. The juvenile judge, therefore, exercises discretion as to how detention facilities provide and maintain safety for detainees. Furthermore, the Ohio Department of Youth Services prescribes the minimum standards of operation, including criteria for programs of education, training, counseling, recreation, health and safety, and qualifications of personnel with which a facility shall comply as a condition of eligibility for assistance. O.R.C. §§ 5139.281. Thus, employees of detention facilities are under the direct authority of the juvenile court, and must abide by the guidelines and requirements for juvenile detention centers mandated by the Ohio Department of Youth Services. *Id.*

The Board's statutory authority is essentially limited to funding the detention center's budget, and constructing, leasing and/or purchasing juvenile detention centers. O.R.C. §§ 2152.43, 2152.41; *See also Picciuto v. Lucas Cty. Bd. of Commrs.*, 69 Ohio App. 3d 789 (Ohio Ct. App. 1990). The Board, therefore, has no statutory authority either to set policies or customs for the maintenance of detainees' safety. *See Picciuto v. Lucas Cty. Bd. of Commrs.* 69 Ohio App. 3d 789, 801 (Ohio Ct. App. 1990) (Lucas County commissioners are under no statutory duty to provide safe cells at a county-run detention center for juveniles and cannot be held liable in a negligence action brought by parents of a child who committed suicide in the detention center where the center employees are under the direct authority of the juvenile court and the commissioners have no control over how the money they appropriate for the center is spent). Thus, pursuant to *Pembaur*, because the Board did not have any final policymaking authority related to the maintenance of safety for detainees of the creation of the standards of safety, it

6

cannot be held vicariously liable for actions of employees at the juvenile detention center in allegedly failing to meet safety standards through different policies and customs.

Similarly, the Plaintiffs rely on a theory of *respondeat superior* to impose liability on the Board. Section 1983, however, does not permit a municipal entity to incur liability under a theory of *respondeat superior. Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Because neither vicarious liability nor *respondeat superior* is a theory under which the Board could be found liable for Winston's injuries, the Plaintiffs have failed to state a claim against the Board upon which relief can be granted.

Plaintiffs' attempt to impose liability on Franklin County for alleged injuries suffered by Winston while confined at the Franklin County Juvenile Detention Center also fails to state a claim upon which relief can be granted. Franklin County is not *sui juris* and, therefore, lacks the capacity to sue or be sued except where specially authorized by statute. *Koch v. County of Franklin, Ohio*, No. 2:08-cv-1127, 2010 WL 2386352 (S.D. Ohio June 10, 2010); *McGuire v. Ameritech Serv., Inc.,* 253 F.Supp.2d 988, 1015 (S.D.Ohio 2003). The Ohio Revised Code establishes the capacity of a county to sue or be sued. *See* O.R.C. §§ 301.22. That section provides that only a county that adopts a "charter or an alternative form of government" may be considered "a body politic and corporate for the purpose of enjoying and exercising the rights and privileges conveyed under it by the constitution and the laws of this state" and is "capable of suing and being sued, pleading and being impleaded." Franklin County has not adopted a charter or an alternative form of government and, therefore, is not a body corporate and politic amenable to suit as provided by O.R.C. §§ 301.22. Thus, Franklin County cannot be sued, and the Plaintiffs' claim against this Defendant fails.

## V. CONCLUSION

Because Plaintiffs' claim with respect to the Franklin County Board of Commissioners and the County of Franklin, Ohio for alleged injuries suffered while confined at the Franklin County Juvenile Detention Center fails to state a claim upon which relief can be granted, the Court **GRANTS** the Defendants Franklin County's and the Board's Motion to Dismiss and **DISMISSES** Franklin County and the Board as defendants.  Pursuant to this finding, Herb Henderson, Ricqus Marshall, Brodotta Montgomery and "John Does No. 1 through 10" being juvenile detention officers at Franklin County Juvenile Detention Center are the only Defendants who remain as parties to this action.

      **IT IS SO ORDERED**.

                                                s/Algenon L. Marbley

                                                **ALGENON L. MARBLEY**
                                                **United States District Court Judge**

**DATE:  June 30, 2011**